## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MILTON POPE, #B-17802, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-706-MJR |
| | ) | |
| DONALD GAETZ, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate currently in the Stateville Correctional Center, was at all times relevant to this action in the Menard Correctional Center.  Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that some of the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). Plaintiff arrived at Menard Correctional Center on April 9, 2009 after being transferred back to the prison[1]. By the time Plaintiff arrived, Defendant Quinely had reported to the Menard staff that Plaintiff had a history of assaulting prison staff. As a result, Defendant Gaetz ordered that Plaintiff be shackled and cuffed from behind, and that other precautions be taken while Plaintiff was out of his cell.

Defendants Swiney and Ross learned that Plaintiff had been accused of assaulting a Menard correctional officer in 1996, and took revenge against Plaintiff by filing a false disciplinary report on June 20, 2009, claiming that Plaintiff made threats and was insolent. Seven days later Plaintiff was sent to an adjustment committee hearing, where Defendants Ashby and Lee found Plaintiff guilty and sent him to segregation.

Plaintiff was then placed in segregation, where he was denied running water for three days and an adequate mattress for 90 days. Plaintiff wrote grievances regarding this mistreatment, but these grievances kept disappearing.

On August 4, 2010 while Plaintiff and his fellow inmates were being escorted back to their

---

[1] Plaintiff does not specifically state where he was being transferred from, but at one point in his complaint he mentions Tamms Correctional Center, so this Court assumes that this is the place from where Plaintiff was transferred.

cells, Defendants Swiney and Vasquez left the inmates unsecured and unattended so as to allow the inmates to assault one another.  One inmate did in fact assault another inmate, and as Plaintiff witnessed the incident, he wrote a grievance regarding the dereliction of duty by Defendants Swiney and Vasquez.

Defendants Swiney, Vasquez, and Schnickers intercepted Plaintiff's grievance and destroyed it.  Defendant Vasquez then harassed Plaintiff by calling him names and opening his cell door and coming in close contact.  Defendant Swiney also called Plaintiff names, and informed other inmates that Plaintiff was "dropping kites on them as well." (Doc. 1).  Defendant Schnickers threatened to send Plaintiff to segregation for filing grievances, and informed other inmates that Plaintiff is a 'stoolpigeon' so that Plaintiff received death threats from other inmates.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1: Retaliation**

Plaintiff alleges that he was the victim of retaliation at the hands of Dependants Swiney, Vasquez, and Schnickers.  Specifically, Defendants Swiney retaliated after Plaintiff wrote a grievance by calling Plaintiff names and informing other inmates that Plaintiff was "dropping kites

on them".[2]  Defendant Vasquez called Plaintiff names and entered Plaintiff's cell and came within

close physical contact of Plaintiff, threatening him.  Defendant Schnicker informed other inmates

that Plaintiff was a stoolpigeon, so that he began receiving death threats.

Prison officials may not retaliate against inmates for filing grievances or otherwise

complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005

(7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th

Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified

is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file

an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the reason for and the act

of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*  A complaint that

provides a short, clear statement of the relevant facts complies with the federal rules of civil

procedure, and thus cannot be dismissed because it does not allege all facts necessary to clearly

establish a valid claim. *Id.*

Plaintiff has stated that the retaliatory acts by Defendants Swiney, Vasquez, and Schnicker

were done in response to his writing of a grievance, a protected act.  Thus, Plaintiff has stated the

reason for the retaliation, and has provided the retaliatory acts. This claim against Defendants

Swiney, Vasquez, and Schnicker cannot be dismissed at this time.

**Count 2: Due Process**

Plaintiff further states that Defendants Swiney and Ross wrote him a false disciplinary report

---

[2] A kite is the term used when referencing a written communication between inmates in prison.  Plaintiff
does not specify what he means by the phrase "dropping kites on them".  It is possible that Plaintiff means that he
was writing notes to other inmates and that this would ensure that those inmates received discipline as well.
Whatever the meaning, it is not this Court's duty to decode unclear phrases used by parties.

after they found out that he had in the past been accused of assaulting a guard.  Based on the false information in this disciplinary report, Plaintiff was found guilty by Defendants Ashby and Lee, and sent to segregation.  Plaintiff claims that these action were taken in violation of his rights to due process.

A plaintiff states a claim for violation of procedural due process rights when he alleges that defendants have filed and/or approved disciplinary tickets, reports, and other documents that contain false charges that are not supported by any evidence. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  Plaintiff contends that the report issued by Defendants Swiney and Ross contained untruthful statements made in an effort to punish Plaintiff for his past conduct, which was in no way related to the disciplinary report.  Because it is unclear at this point whether this report contained factual statements or fabrications, this claim against Defendants Swiney and Ross cannot be dismissed at this time.

Plaintiff's claims against Defendants Ashby and Lee, however, are a different matter.  A plaintiff has no cause of action where he simply disagrees with the outcome of a hearing. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).  Plaintiff has not alleged that his hearing was in any way flawed, but simply disagreed with the determination of guilt.  Plaintiff has not alleged any claims against Defendants Ashby and Lee upon which relief can be granted, and thus this count against Defendants Ashby and Lee is dismissed with prejudice.

**Count 3: Eighth Amendment**

Plaintiff finally contends that he was subject to cruel and unusual punishment when he was sent to a segregation cell without running water (which lasted for 3 days) nor a mattress (which lasted for 90 days). The Eighth Amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981)*, (see Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

The Court will not reach the merits on this issue, however, because Plaintiff has not associated any Defendants with this count. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Because Plaintiff has failed to identify any defendants responsible for these alleged deprivations, this count is dismissed without prejudice.

**Unnamed Parties:**

Plaintiff has named Dependants Spiller, Quinley, and Gaetz in the caption of his complaint, but has not associated these Defendants with any of the alleged counts. As stated above, defendants

must be given notice of the claims against them. *Hoskins* at 764. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff has not alleged any claims against Defendants Spiller, Quinley, and Gaetz upon which relief may be granted, these Defendants are dismissed without prejudice.

**Pending Motions:**

On September 15, 2010 Plaintiff filed a motion to handwrite his complaint (Doc. 2). Because Plaintiff's claim has undergone threshold review, this motion is **DENIED** as moot.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **ASHBY** and **LEE** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **SPILLER, QUINLEY,** and **GAETZ** are dismissed from this action without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **SWINEY, VASQUEZ, SCHNICKER,** and **ROSS:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by

the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: February 15, 2011**


                                   **/s/ MICHAEL J. REAGAN**
                                     **U. S. District Judge**