# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILTON POPE, #B-17802, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10–cv–706–MJR–SCW ) |
| RALPH ROSS, MICHAEL SCHNICKER, RICHARD SWINEY, JASON VASQUEZ, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to **28 U.S.C. § 636(b)(1)(B)**, **FEDERAL RULE OF CIVIL PROCEDURE 72(b)**, and **LOCAL RULE 72.1(a)** for a Report and Recommendation on the issue of whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections. It is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies as to his due process claims against Defendants Swiney and Ross but did not exhaust his administrative remedies prior to filing his retaliation claim against Defendants Vasquez, Swiney, and Schnickers. It is further **RECOMMENDED** that the Court **DENIED IN PART AND GRANT IN PART** Defendants motion for summary judgment (Doc. 32) and **ADOPT** the following findings of fact and conclusions of law.

### II. Findings of Fact

**A. Procedural History**

Plaintiff filed his Complaint on September 15, 2010 (Doc. 1). In his Complaint, Plaintiff

alleges that Defendant Swiney and Ross wrote a false disciplinary report on June 20, 2009 against Plaintiff claiming that he made threats and was insolent (Doc. 10 p. 2). Plaintiff was later found guilty of that charge and sentenced to segregation (*Id.*). Over a year later, on August 4, 2010, Plaintiff allegedly witnessed an incident where Defendants Swiney and Vasquez left inmates unattended so that they could assault each other (*Id.* at pp. 2-3). Plaintiff alleges that he wrote a grievance regarding the Defendants' dereliction of duty and that Defendants Swiney, Vasquez, and Schnickers intercepted that grievance and destroyed it. Plaintiff's Complaint contends that Defendant Vasquez harassed Plaintiff by calling him names and opening his cell door so that he could come in close contact with Plaintiff. Defendant Swiney also allegedly called Plaintiff names and informed other inmates that Plaintiff was "dropping kites on them." (*Id.* at p. 3). Defendant Schnickers also allegedly threatened Plaintiff with segregation for filing grievances and informed inmates that Plaintiff was a stoolpigeon (*Id.*).

In its initial review of Plaintiff's claims, the Court found that Plaintiff had adequately stated a claim for retaliation and violation of his due process rights. Specifically, Count 1 of his complaint alleged that Defendants Swiney, Vasquez, and Schnickers retaliated against Plaintiff for writing grievances by calling him names, informing inmates that he was a "stoolpigeon" and "dropping kites", and threatening him both physically and with segregation (*Id.* at p. 4). Plaintiff's Count 2 for violation of his due process rights also survived the Court's initial review (*Id.*). In that Count, Plaintiff alleged that Defendants Swiney and Ross wrote a false disciplinary report against him after learning he had been accused in the past of assaulting a guard (*Id.* at pp. 4-5). All other claims against any remaining defendants were dismissed.

In their Answer to Plaintiff's Complaint, Defendants Swiney, Vasquez, Schnickers, and Ross raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) (Doc. 26 at p.6). Subsequently, Defendants filed a motion for summary judgment on

the issue of exhaustion of administrative remedies (Docs. 32 & 33). Specifically, Defendants argued that Plaintiff had not exhausted his administrative remedies as to either count as his grievance regarding retaliation was not filed until after his Complaint had been filed, and his grievance regarding the June 2009 disciplinary report had not been fully exhausted as it had only been sent to the ARB who had sent it back for failure to meet the requirements at the institutional level (*Id.*). Plaintiff filed a Response to Defendants' motion which consisted of an affidavit regarding his exhaustion methods (Doc. 35). Because the affidavit was missing pages, the undersigned directed Plaintiff to re-file his affidavit (Doc. 36). Plaintiff filed a subsequent affidavit on September 6, 2011 (Doc. 37). In that affidavit, Plaintiff argued that he was prevented from exhausting his grievances at the institutional level, stating that he sent grievances and personal letters and attempted to submit his grievances several times to the staff at Menard Correctional Center, including the Warden (Doc. 37 at ¶¶ 5 & 6).

Based on the Seventh Circuit's opinion in *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008),** the undersigned held a hearing in this matter on September 28, 2011. The following recommendations are based upon the evidence adduced at that hearing.

**B.      Factual Background**

At issue are two grievances allegedly filed by Plaintiff on July 19, 2009 and September 26, 2010, both sent directly to the ARB. The July 19, 2009 grievance was related to the false disciplinary report allegedly filed by Defendants Swiney and Ross on June 20, 2009. The September 26, 2010 grievance filed directly with the ARB is regarding claims of retaliation perpetrated by Defendants Swiney and Schnickers.

As to the September 26, 2010 grievance, the parties do not disagree that the grievance was appropriately filed directly to the ARB because Plaintiff had transferred to another prison before filing the grievance. Thus, Defendants agree that it was proper for Plaintiff to file his grievance directly

to the ARB since he had transferred out of the prison in which the grievance was related. However, Defendants argue that Plaintiff can not bring his allegations alleged in the September 26, 2010 grievance in the current law suit because the lawsuit was filed prior to that grievance being exhausted. Defendants point to the fact that Plaintiff filed the instant Complaint on September 15, 2010 and the September 26, 2010 grievance was not filed until eleven (11) days after the Complaint and a final determination by the ARB was not issued until October 7, 2010 (*See* Doc. 33 Ex. A at ¶8; Ex. A at pp. 00007-00011). Thus, Defendants argue that Plaintiff failed to fully exhaust his administrative remedies *before* filing the instant Complaint. As Plaintiff does not dispute the fact that his grievance regarding retaliation was filed after the filing of his Complaint, a *Pavey* hearing as to the September 26, 2010 grievance was not needed. Thus, the *Pavey* hearing on September 28, 2011 focused solely on issues surrounding the July 19, 2009 grievance.

As to the July 19, 2009 grievance, the evidence presented by the parties' briefings shows that the grievance was received by the ARB on July 27, 2009. However, the ARB ultimately returned the grievance to Plaintiff because he did not comply with Department Rule 504 by including his counselor's, Grievance Officer's, and Chief Administrative Officer's response at the prison level. Thus, Defendants argue that Plaintiff failed to exhaust his administrative remedies by failing to exhaust his grievance at the institutional level. At the hearing, however, Plaintiff indicated that he tried to exhaust his grievance through Menard's grievance process but that his grievances were either destroyed or never returned to him. Plaintiff testified under oath that he first tried to submit his grievance regarding the June 20, 2009 disciplinary report on June 28, 2009 by submitting a grievance to Counselor Summers. Plaintiff testified that although he submitted the grievance, he never received a response from his Counselor because Defendant Swiney destroyed the grievance while standing in front of Plaintiff's cell. Plaintiff also testified that he tried to file an emergency grievance with the warden on approximately

June 30, 2009. Plaintiff stated that he handed the grievance to the warden but he never received his grievance back.

In his July 19, 2009 grievance to the ARB, Plaintiff also stated that he had tried to submit grievances at the institutional level but was prevented from doing so. Specifically, Plaintiff stated that he had handed an emergency grievances to the warden while the director of IDOC was present at the facility (Doc. 35 at pp.2-5). His grievance to the ARB later supports that statement as he states that while he submitted emergency grievances to the warden, he still has never received a response from the warden as to those grievances (*Id.*). His emergency grievance, in essence, appears to have gone unanswered.

While the Court gave Defendants ample opportunity to offer evidence or testimony, the Defendants offered no evidence to rebut Plaintiff's evidence or testimony.[1] Instead, Defendants argued that this was the first time they had heard about the June 28 and 29 attempts to deliver a grievance at the institutional level and they believed that he had not exhausted at the institutional level as he sent the grievance to the ARB on July 19, a mere eight (8) days, according to Defendants' counsel, after submitting his grievance at the institutional level. Defendants argued that this length of time was not enough time for Plaintiff to even have received a response from the institution before properly seeking a review from the ARB. Defendants also pointed out that if Plaintiff did not get relief from the Warden, or his emergency grievance was declared not an "emergency", then Plaintiff was required to go through the normal exhaustion requirements before appealing his grievance to the ARB.

---

[1] The Court notes that after the close of evidence at the *Pavey* hearing, Defendants argued that certain counselor's notes would support their position that Plaintiff had not filed a grievance in accordance with established procedures. However, Defendants had made no attempt to introduce these notes prior to mentioning them in their argument. The Court ruled that it would not consider such evidence as it had not been previously admitted.

### III. Conclusions of Law

Summary Judgment is proper "if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010).** The Court must construe all facts in the light most favorable to Plaintiff, as the non-moving party, and draw all reasonable inferences in his favor. *Ogden v. Atterholt*, **606 F.3d 355, 358 (7th Cir. 2010)**.

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. § 1997e(a)**. That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such *administrative remedies as are available are exhausted*." *Id*. **(emphasis added).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion")**. Exhaustion must occur before the suit is filed. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004)**. Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id*. Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2005)**. Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, **438 F.3d at 809.**

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey*, **544 F.3d at 740-41.** Thus, where failure to exhaust

administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. **at 742.**

**A.** **Exhaustion Requirements Under Illinois Law**

As an inmate confined within the Illinois Department of Corrections, Pope was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code § 504.800** *et seq*. The grievance procedures first require inmates to speak with the counselor about their complaint. **20 Ill. Admin. Code § 504.810(a)**. Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id*. The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(a)(b).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code §504.830(d).** If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code §504.850(a)**. "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code §504.850(e).** "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(f)**.

The grievance procedures do allow for an inmate to file an emergency grievance, as Pope alleges he has done in this case. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a**). If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he

has decided is necessary after reading the grievance. **20 Ill. Admin. Code §504.840(b)**. Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code. §504.850(g)**.

**B.     Analysis**

In their motion for summary judgment, Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to either of his claims. Defendants argue that the grievance received by the ARM dated July 19, 2009 was not properly exhausted. As to the grievance received by the ARB on September 26, 2010, Defendants argue that the grievance was not properly exhausted until after Plaintiff's suit in this Court was filed.

**1.     Claim of Retaliation Against Swiney, Schnickers, and Vasquez**

As to the grievance dated September 26, 2010 regarding claims of retaliation by Defendants Swiney, Schnickers, and Vasquez, the Defendants do not dispute that Plaintiff properly exhausted that grievance. In fact, Defendants acknowledge that Plaintiff properly sent that grievance directly to the ARB because Plaintiff had recently transferred to another prison while his grievance related to events that occurred at his prior place of incarceration. *See* **20 Ill. Admin. Code §504.870(a)(4)**. However, Defendants argue that Plaintiff failed to exhaust his grievance prior to filing his current suit as this lawsuit was filed on September 15, 2010 and his grievance regarding retaliation was not exhausted until the ARB rendered its final decision on October 7, 2010 (Doc. 33 Ex. A at ¶ 8; Ex. A at pp. 00007-00011). Plaintiff does not dispute that his grievance was not finalized until nearly three weeks after filing the current lawsuit.

Inmates, however, must exhaust their administrative remedies *prior* to filing suit. *See Perez v. Wisconsin Dept. of Corrections*, **182 F.3d 532, 534-35 (7th Cir. 1999) ("[Section 1997e(a)] makes exhaustion a precondition to** *suit***.")**. Further, the suit can not be filed until an

inmate has completed all of the steps in the exhaustion process; an inmate is not allowed to exhaust while the lawsuit is still pending. *Id*. **at 535.** This requirement fits with the purpose of the exhaustion requirements, which alerts prison administration to particular problems within the prison and gives them an opportunity to remedy those issues without the "hassle and expense of litigation." *Cannon v. Washington*, **418 F.3d 714, 719 (7th Cir. 2005);** *see also Perez*, **182 F.3d at 535 (the administrative process may eliminate the need for trial or at least reduce the number of issues in dispute)**. The parties do not dispute that Plaintiff did not file his grievance until September 26, 2010 and the ARB did not issue its final ruling until October 7, 2010, well after Plaintiff had filed suit before this Court. As Plaintiff did not file or exhaust his grievance regarding the alleged retaliation by Swiney, Schnickers, and Vasquez prior to filing the current lawsuit, Plaintiff did not properly exhaust as defined under Section 1997e(a). Accordingly, the undersigned finds that Plaintiff failed to properly exhaust his issue of retaliation prior to filing suit and thus **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** as to that claim and that Plaintiff's claim of retaliation against Swiney, Schnickers, and Vasquez be **DISMISSED without prejudice.**

  2.  **Due Process Claims Against Defendants Swiney and Ross**

As to the grievance regarding the disciplinary ticket issued on June 20, 2009, it is undisputed that Plaintiff sent a grievance to the ARB on July 19, 2009 and the ARB received the grievance on July 27, 2009 (Doc. 33 Ex. A at ¶7; Ex. A at pp. 00002-00003). Further, the record reveals that the ARB returned the grievance to Plaintiff on August 5, 2009 for failure to acquire the grievance officer's and chief administrative officer's response to the grievance at the prison level (*Id.*). Defendants point to this return of the grievance by the ARB for failure to obtain responses at the institutional level as proof that Plaintiff failed to properly exhaust his administrative remedies.

However, Plaintiff, under oath at the *Pavey* hearing, testified that he tried to exhaust his

grievance at the prison level but was prevented from doing so. Plaintiff testified that he tried to submit a grievance both through the regular process and by submitting an emergency grievance directly to the warden. Plaintiff stated that on June 28, 2009, he sent a grievance to Grievance Counselor Summers but that Defendant Swiney appeared in front of his cell either on June 28, 2009 or June 29, 2009 and destroyed the grievance. Plaintiff then tried to submit an emergency grievance to the warden on June 30, 2009 by directly handing the grievance to the warden. Plaintiff testified that he never heard anything further from the warden and his grievance to the warden was never returned. Although given an opportunity to do so, Defendants offered no evidence to refute Plaintiff's statements.

The undersigned found Plaintiff's unrebutted testimony to be credible. Plaintiff testified that he tried to submit his grievance on two separate occasions but had his grievances either destroyed or never returned. Plaintiff's testimony is further bolstered by the statements made in his July 17, 2009 grievance to the ARB. In that grievance, Plaintiff informed the ARB that he had submitted an "emergency" grievance directly to the warden by hand but that he had never received a response from the warden (Doc. 35 at pp. 6-8). The undersigned finds that having filed two grievances with no response, Plaintiff had done everything necessary for exhaustion purposes. *See Walker v. Sheahan*, **526 F.3d 973, 979 (7th Cir. 2000) (an inmate is not required to appeal his grievance if he submits the grievance to the proper authorities but never receives a response);** *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (a remedy can be unavailable to a prisoner if the prison does not respond to the grievance or uses misconduct to prevent a prisoner from exhausting his resources);** *Brown v. Darnold*, **2010 WL 3702373, at \*3 (S.D.Ill. 2010) ("The Seventh Circuit has held that administrative remedies become 'unavailable' when prison officials fail to respond to inmate grievances." (quoting** *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002))**. Even though Plaintiff was not required to appeal his grievances after having them go ignored, he still tried to

appeal his grievance to the ARB but had it rejected for not including his counsel or CAO's response, despite his appeal stating that he had filed an emergency grievance with the warden but had never received a response. At that point, the undersigned finds that Plaintiff had exhausted all of the administrative remedies that were available to him under **42 U.S.C. § 1997e(a).** *Kaba v. Stepp*, **458 F.3d 678, 684 (7th Cir. 2006)(if administrative remedies are not available then a prisoner can not be required to exhaust).**

Further, Defendants have not met their burden of proving that Plaintiff had other avenues available to him with which to pursue his grievance. While Defendants' attorney argued that once Plaintiff received his grievance back from the Warden with a determination that the matter was not an emergency then the process should have started over and Plaintiff should have submitted his grievance to his counselor, Plaintiff stated that he never received his emergency grievance back from the Warden and, contrary to Defendants' argument, nothing in the Illinois Administrative Code requires Plaintiff to pursue his grievance through the normal procedures if the CAO never responds to or returns his grievance. In fact, Defendants fail to point out any further grievance procedures required by the prison in the event that the CAO failed to respond to or return an emergency grievance. While it is Defendants' burden to prove that Plaintiff has failed to exhaust, they have failed to present any evidence that Plaintiff is being untruthful or that he did not try to exhaust his grievance at the prison level before sending his grievance to the ARB. *See Kaba v. Stepp*, **458 F.3d 678, 681 (7th Cir. 2006) (***Dole***, 438 F.3d at 809 (exhaustion ins an affirmative defense which places the burden of proof on the prison authorities)).** Thus, Defendants have failed to meet their burden. Accordingly, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment as to the claim regarding the false disciplinary report be **DENIED**.

## IV. Conclusion and Recommendation

For the reasons set forth above, it is **RECOMMENDED** that the Court **FIND** that Plaintiff has exhausted his due process claims against Swiney and Ross, but has failed to exhaust his retaliation claims against Swiney, Vasquez, and Schnickers, that Defendants' summary judgment (Docs. 32 & 33) be **GRANTED IN PART AND DENIED IN PART and DISMISS** without prejudice Plaintiff's claims of retaliation against Swiney, Vasquez, and Schnickers. If the Court adopts the foregoing findings of fact and conclusions of law in this Report and Recommendation, then the only claim remaining before the Court will be Plaintiff's due process claim against Swiney and Ross.

Pursuant to **28 U.S.C. § 636(b)(1)** and **LOCAL RULE 73.1**, the parties shall have fourteen (14) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals.

IT IS SO ORDERED.

DATED: October 5, 2011

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge