IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MILTON POPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-cv-0706-MJR-SCW |
| **C/O VASQUEZ, R. SWINEY, C/O ROSS,** ) | |
| **and C/O SCHNICKERS,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

In September 2010, Milton Pope filed suit pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights by personnel at Menard Correctional Center (Doc. 1). On threshold review, the undersigned Judge granted Pope pauper status, dismissed several Defendants and claims that were not viable, and referred what remained of the case to the Honorable Stephen C. Williams, United States Magistrate Judge (Doc. 10).  At this juncture, the following claims remain:

> Count 1:  Retaliation in violation of the First Amendment by Defendants Swiney, Vasquez and Schnickers, in the form of name calling, threats and placing Pope in danger by labeling him a stoolpigeon, in retribution for filing grievances; and
>
> Count 2:  Denial of procedural due process in violation of the Fourteenth Amendment by Defendants Swiney and Ross, relative to the issuance of allegedly false disciplinary tickets/reports.

The four Defendants, Ross, Schnicker, Swiney and Vasquez have timely moved for summary, asserting that Plaintiff Pope had failed to exhaust administrative remedies prior to

filing suit, as required by 42 U.S.C. § 1997e(a) (Doc. 32).  Plaintiff Pope filed a response (Docs. 35 and 37).  On September 28, 2011, Judge Williams held an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). On October 6, 2011, Magistrate Judge Williams submitted a detailed Report (Doc. 43) recommending that the Defendants' motion be granted in part and denied it in part. More specifically, Judge Williams concludes that Pope did exhaust administrative remedies relative to Count 2, the due process claim against Defendants Swiney and Ross, but not as to Count 1, the retaliation claim against Swiney, Vasquez and Schnickers.

Both the Report (Doc. 43, p. 13) and a separate Notice attached thereto (Doc. 43-1) advised the parties of their right to challenge Judge Williams' findings and conclusions by filing "objections" within fourteen days.  To date, no objections have been filed by the parties, no extension of the deadline was sought, and the period in which such objections may be filed has expired.  Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review.  *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Video Views Inc., v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir. 1986).

Accordingly, the undersigned District Judge **ADOPTS in its entirety** Judge Williams' Report and Recommendation (Doc. 43), **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (Doc. 32). Defendants Swiney, Vasquez and Schnickers are granted summary judgment as to Count 1, the retaliation claim; Count 1 is dismissed *without* prejudice. Count 2, the due process claim against Defendants Swiney and Ross, shall proceed.

Because Count 1, the retaliation claim, is dismissed without prejudice *and* it is undisputed that Plaintiff Pope exhausted administrative remedies regarding that claim, but not *prior* to filing suit, Pope is hereby **GRANTED** until **December 9, 2011**, to amend his complaint to reassert Count 1.

In the event that an amended complaint is filed, Vasquez and Schnickers will have to be served anew, although the Court would anticipate they would waive service of summons and the complaint.  Therefore, if an amended complaint is filed, the Clerk of Court shall mail Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), Form 6 (Waiver of Service of Summons), and a copy of the amended complaint to each "new" Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED: November 16, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**